**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **KEITH CAMPBELL,** | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:10-CV-0011-B-BH |
| | ) | |
| **CONTINENTAL CASUALTY** | ) | |
| **COMPANY INSURANCE,** | ) | |
| Defendant. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3-251, this case has been referred for screening.

**I. BACKGROUND**

Plaintiff, a resident of Dallas, Texas, filed this civil action against Continental Casualty Company Insurance for alleged wrongdoing related to a 1999 worker's compensation claim and later travel expenses. (Compl. at 1-9.) No process has been issued in this case.

**II. PRIOR SANCTIONS**

Plaintiff is a vexatious litigant who has been twice warned that "future frivolous or repetitive filings" would subject him to sanctions. *See Campbell v. Bear*, 229 Fed. App'x 291, 292 (5th Cir. 2007) (per curiam); *Campbell v. Pace Setter Personnel*, 229 Fed. App'x 290, 291 (5th Cir. 2007) (per curiam). Following those warnings, the Fifth Circuit Court of Appeals sanctioned Plaintiff for persisting with a frivolous appeal. *See Campbell v. Soc. Sec. Admin.*, 252 Fed. App'x 592, 593 (5th Cir. 2007) (per curiam). It ordered him to pay a $100 monetary sanction and directed its clerk and "the clerks of all federal district courts" within the Fifth Circuit "to refuse to file any civil complaint or appeal by Campbell unless Campbell submits proof of satisfaction of this sanction." *Id.* It also informed Plaintiff that if he "attempts to file any further notices of appeal or original proceedings

in this court without such proof the clerk will docket them for administrative purposes only. Any other submissions which do not show proof that the sanction has been paid will be neither addressed nor acknowledged." *Id.*

This Court enforces sanctions imposed by the Fifth Circuit Court of Appeals. *Spearman v. Fulbruge*, No. 3:07-CV-1945-B-BH, 2008 WL 89515, at *2 (N.D. Tex. Jan. 7, 2008) (accepting recommendation of Mag. J.). Plaintiff has provided no proof that he has paid the imposed monetary sanction, and by filing this action without that proof, he has failed to comply with the Fifth Circuit sanction order. Accordingly, the clerk of this Court should have refused to file the submitted civil complaint and should have docketed the submitted papers for administrative purposes only.[1] Consistent with the Fifth Circuit directions, it is permissible to docket this case for administrative purposes only. However, because the case was not summarily closed by the clerk's office, it should now be administratively closed for Plaintiff's failure to comply with the prior sanction order.[2]

### III. RECOMMENDATION

This case should be **ADMINISTRATIVELY CLOSED** for Plaintiff's failure to comply with the Fifth Circuit sanction order. Because the case should have been summarily closed after being opened, Plaintiff may not file proof of payment of the sanctions to save this case. The Fifth Circuit's order requires that Plaintiff submit proof of payment at the time of filing. Plaintiff may not re-file his complaint without providing contemporaneous proof that he has paid the previously imposed monetary sanction.

---

[1] Plaintiff is hereby placed on notice that future filings may be administratively opened and closed without further action be taken.

[2] Because Plaintiff is barred from pursuing this action by the prior sanction order, the Court need not address whether he should be permitted to proceed with this action *in forma pauperis*.

**SIGNED this 8th day of January, 2010.**

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3